IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| NICOLETTE D. PAGE,<br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF TEXAS AT AUSTIN,<br>    Defendant. | §<br>§<br>§<br>§   CASE NO. 1:24-cv-01249-DAE<br>§<br>§<br>§ |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE SENIOR UNITED STATES DISTRICT JUDGE:

Comes now Plaintiff, Nicolette D. Page, and complains of Defendant, University of Texas at Austin. In support of her complaint, Plaintiff states the following:

### NATURE OF THE ACTION

1. This case arises out of Plaintiff Page's employment with Defendant's Enterprise Business Information Technology Solutions ("eBITS") department. During the time that Ms. Page worked in eBITS, she was discriminated against in terms of pay and working conditions, retaliated against, harassed, and ultimately constructively discharged, causing her damages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

3. The events out of which this suit arises occurred in Travis County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff Nicolette D. Page is an individual Texas resident who is employed by Defendant in Travis County, Texas.

5.     Defendant University of Texas at Austin ("UT") is a coeducational institution of higher education within The University of Texas System. Defendant receives federal financial assistance.

**FACTUAL ALLEGATIONS**

6.     Ms. Page is a Black-Latina woman who was hired by Defendant in August 2019 as a Billing and Insurance Manager. In May 2023, Ms. Page transferred to the role of Enterprise Application Support Manager for Defendant's Enterprise Business Information Technology Solutions ("eBITS") department. At that time, Mark Jacaman, eBITS Director of Campus Support, became her manager.

7.     On or around June 2, 2023, Ms. Page disclosed to Jacaman her status as a person with a disability under the Rehabilitation Act of 1973 and Chapter 21 of the Texas Labor Code. By way of example only, Ms. Page has heart conditions, including ostium secundum type atrial septal defect and atrial fibrillation, Mixed Anxiety and Depressive Disorder, and cancer that is in remission. Defendant has acknowledged that these and other impairments substantially limit one or more of Ms. Page's major life activities by providing Ms. Page with disability-related accommodations and approving her for leave under the Family and Medical Leave Act ("FMLA") for her own health conditions (in addition to the leave approved to care for her father, which is discussed below). These actions by Defendant also show that Ms. Page has a record of having impairments that substantially limit major life activities, and that Defendant regarded her as having such impairments.

8.     After the disclosure, Jacaman singled out Ms. Page for negative treatment. By way of example only, Jacaman excluded Ms. Page from management meetings and staff meetings

[2]

pertaining to her responsibilities, he disciplined her for absences to care for her father that were approved for protected leave under the FMLA, he subjected her to disrespectful and racist commentary, he placed her under increased scrutiny, and he removed management responsibilities from her by dealing directly with her subordinates. Although Ms. Page was approved before starting her eBITS position to end her workday at 3:30 p.m. on Mondays and Tuesdays to attend classes for her MBA program at the University, Jacaman revoked that approval and reprimanded her for leaving at the agreed-upon time, changing the terms, conditions, and privileges of Ms. Page's employment. Jacaman also refused to allow Ms. Page to take advantage of a University policy allowing employees to take university course work during the workday. Jacaman did not direct any similar behaviors to employees outside the protected classes. On the contrary, Jacaman treated Ms. Page worse than he treated other employees outside the protected classes, including Ms. Page's white, non-disabled predecessor.

9.    Because of this disparate treatment, Ms. Page filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission in January 2024. However, the filing of this charge did not stop Jacaman from singling out Ms. Page for negative treatment. On the contrary, Jacaman's negative treatment of Ms. Page only intensified, including punishment for using FMLA leave to care for her father, racist comments, micromanagement, second-guessing, removal of managerial responsibilities, refusal to provide a flexible work arrangement like what is provided to other workers or other reasonable accommodation, and exclusion from meetings calculated to encourage her resignation. Jacaman also punished Ms. Page for attempting to use the University's Staff Tuition Assistance Program and ultimately denied her access to that program and the policy allowing employees to take

[3]

University course work during the workday. These actions, which made it more difficult for Ms. Page to succeed in her MBA program while working in eBITS, were also calculated to encourage Ms. Page's resignation. Removing the schedule flexibility that was a key part of the understanding that led Ms. Page to accept the eBITS position, without justification, was likewise calculated to cause Ms. Page to resign. Jacaman's plan worked because his harassment became so overwhelming that Ms. Page was forced to resign her eBITS position in April 2024, as any reasonable person would feel compelled to do. As Ms. Page stated in her resignation letter, she had "never faced such intense management bullying, marginalization, and a lack of response or acknowledgment" during her "twelve years of experience in management." Jacaman's disparate treatment of Ms. Page was so severe and pervasive that it altered the conditions of her employment and created an abusive working environment.

10. The discrimination, retaliation, and hostile work environment to which Ms. Page was subjected also affected her life outside of work in various ways. They caused her performance in UT's MBA program to suffer, damaging her future earning capacity. The stress and mental anguish also caused Ms. Page to seek therapy services. She has been prescribed additional medications.

11. The illegal treatment of Ms. Page affected her economically in several ways as well. Jacaman set her initial eBITS salary at a lower rate than her similarly situated peers, including the white, non-disabled predecessor in her role, even though Ms. Page was more qualified than her predecessor. In addition, Jacaman's actions led to Ms. Page being bypassed for merit raises for 2022–2023 and 2023–2024 and for equity and structural adjustments. This suppression of Ms.

Page's pay will affect the trajectory of her compensation throughout her career with UT (she now works for a different UT department).

## FIRST CAUSE OF ACTION – RACE DISCRIMINATION

12. By discriminating against Ms. Page because of her race, including by treating her worse than similarly situated employees of other races, such as her white predecessor Emily Cauthen, LeeAnn Gibson, Christy Banta, John Cano, Jill Boelter, Megan Dwyer, Maggie Pfeiffer, Beth Rutter, Jen Tysor, Bart Abbott, Mark Barber, Melissa Ann Camarillo, Lisa Cartier, Todd Graves, Sarah Jackson, Catherine Jaroschy, Juni Kim, Michael Mayo, Alex Modny, Juliana Murphy, Kara Nicholas, Lauren Pahnke, Shelley Powers, Beth Rutter, Diana Yu Schofield, Angelina Stevens, Peter Telck, Jessica Thomas, Yeni Tsai, Sara Tzaperas, Geoffrey Valdes, and Deni Vidaurri, and by constructively discharging her, Defendant violated Ms. Page's rights and its obligations under Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964.

## SECOND CAUSE OF ACTION – DISABILITY DISCRIMINATION

13. By discriminating against Ms. Page because of her disability, including by treating her worse than similarly situated employees without disabilities, such as her non-disabled predecessor Emily Cauthen, LeeAnn Gibson, Christy Banta, John Cano, Jill Boelter, Megan Dwyer, Maggie Pfeiffer, Beth Rutter, and Jen Tysor, and by constructively discharging her, Defendant violated Ms. Page's rights and its obligations under Chapter 21 of the Texas Labor Code and the Rehabilitation Act of 1973.

**THIRD CAUSE OF ACTION – RETALIATION FOR OPPOSING DISCRIMINATION**

14. By retaliating against Ms. Page because she opposed illegal discrimination against her, including by treating her worse than similarly situated employees who did not oppose discrimination, such as her predecessor Emily Cauthen, LeeAnn Gibson, Christy Banta, John Cano, Jill Boelter, Megan Dwyer, Maggie Pfeiffer, Beth Rutter, and Jen Tysor, and by constructively discharging her, Defendant violated Ms. Page's rights and its obligations under Chapter 21 of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, and the Rehabilitation Act of 1973.

**FOURTH CAUSE OF ACTION – FMLA RETALIATION**

15. By retaliating against Ms. Page because she exercised her right to take protected leave under the FMLA to care for her father, including by treating her worse than similarly situated employees who did not use FMLA-protected leave and by constructively discharging her, Defendant violated Ms. Page's rights and its obligations under the Family and Medical Leave Act.

**REQUEST FOR TRIAL BY JURY**

16. Plaintiff requests and demands a trial by jury.

**PRAYER FOR RELIEF**
**XV.**

Wherefore, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and upon hearing, that the Court award Plaintiff the following relief:

A. Declare that Defendant violated Chapter 21 of the Texas Labor Code, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and/or the Family and Medical Leave Act by engaging in the unlawful employment practices identified above;

B. Order Defendant to pay Plaintiff damages for lost wages, loss of earning capacity,

and other pecuniary losses as a result of the unlawful employment practices identified above;

  C. Order Defendant to pay Plaintiff front pay as a result of Defendant's discrimination and/or retaliation;

  D. Order Defendant to pay Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other nonpecuniary losses because of Defendant's discrimination and/or retaliation;

  E. Order Defendant to pay Plaintiff liquidated damages under the Family and Medical Leave Act;

  F. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

  G. Order Defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

  H. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

  I. Order such other relief, whether legal or equitable, to which Plaintiff is entitled.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

   /s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
8140 N Mopac Expy, Suite 4-250
Austin, Texas 78759
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served on counsel for Defendant, Terri Abernathy, Terri.Abernathy@oag.texas.gov, OFFICE OF THE ATTORNEY GENERAL, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, by the Court's CM/ECF system on this 4th day of April, 2025.

                              /s/ Matt Bachop
                              Matt Bachop