

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 20, 2025

Clerk of the Court
Western District of Texas - Austin Division
Barry D. Knight, Clerk of Court
Homer J. Thornberry Federal Judicial Building
903 San Jacinto Blvd., Suite 322
Austin, TX 78701
Phone (512) 916-5237
*Via Electronic Filing*

Re:   CAUSE NO. 1:24-cv-01249-DAE; *Nicolette D. Page v. University of Texas at Austin;* In the United States District Court for the Western District of Texas, Austin Division

Dear Clerk of the Court:

Please find the exhibit for the Defendant University of Texas at Austin's Reply In Support of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on May 12, 2025. My apologies as this cover letter and exhibit were filed in the original state court case by mistake last week.

Thank you for your consideration in this matter.

Respectfully,

/s/ *Terri M. Abernathy*

Terri Abernathy
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
General Litigation Division
Phone (512) 936-0562
Email terri.abernathy@oag.texas.gov

Cc: *Via eService as follows:* Matt Bachop, Deats Durst & Owen PLLC, 8140 N Mopac Expy, Suite 4–250, Austin, Texas 78759, Phone (512) 474-6200, Fax (512) 474-7896, mbachop@ddollaw.com.

# EXHIBIT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website:  www.eeoc.gov

June 25, 2024

*Via EEOC Portal & Email*

Nicolette Page
200 Orvieto Lane
Liberty Hill, TX 78642
United States of America

Subject: **Dismissal of Charge**
EEOC Charge No.: 451-2024-01374
Nicolette Page vs University of Texas at Austin

Dear Ms. Page

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above referenced charge of employment discrimination. After reviewing the information in the file including the information you submitted, the EEOC does not believe that additional investigation would result in our finding a violation. Information provided to the Equal Employment Opportunity Commission (EEOC) revealed that we are unable to support a violation under Title VII of the Civil Right Act of 1964, as amended, and Titles I and V of the Americans with Disabilities Act of 1990, as amended.

In the Charge, you provided that you were hired on or about August 5, 2019, as a Billing and Insurance manager, with your most recent position being Enterprise Support Manager. You alleged that on or about June 2, 2023, you disclosed your disability to Marc Jacaman, Director of Campus Support, and since that disclosure, you believe you had experienced different terms and conditions of employment. You alleged that included increased scrutiny, and being excluded from management meetings, and staff meetings relevant to your department and subordinates.  You then alleged that you had been disciplined for absences despite being approved under the Family Medical Leave Act. Lastly, you alleged that the unequal terms and conditions are a continuing action. You believed these factors were the reasons for discrimination and adverse employment action on the basis of your race, disability, and in retaliation for a protected activity.

Respondent denies the allegations. Respondent argues there is no evidence demonstrating any adverse action suffered by you. There is no evidence of comparators who are in a similar employment situation, and outside your protected group, and were not denied the ability to attend managerial meetings. Even if a comparator were to be found, there is no evidence that not being able to attend these meetings led to tangible employment harm or an adverse employment action. Respondent provides they didn't require or demand you to attend the meetings due to being new to the position. There is no evidence that you were

given any disciplinary action. You were given a low rating on an evaluation but that does not constitute an employment harm alone. There is no evidence that the low rating is due to or based on any of your protected groups.

There is evidence of a protected activity when you made a complaint on or about October 30, 2023, however there is no evidence Respondent acted to deny a right or a privilege or to harm you. Evidence shows the evaluation was done about October 2, 2023, which indicates there is no causal connection between your activity and Respondent's alleged action, as the evaluation was given before a record of a complaint. Evidence shows you was not denied FMLA. You were approved for 480 hours of FMLA leave through January 2024. There is no evidence you were denied the ability to attend managerial meetings. There is no evidence of any adverse employment harm, or any harm done on the basis of your protected activity or groups.

Considering the evidence at hand, there is no indication that further investigation would result in sufficient evidence to establish a violation of the Commission's statutes. Accordingly, a recommendation will be made that we are unable to conclude that the information obtained establishes a violation of the statutes. At this time, if you have additional new evidence to provide to support your claims, please submit it in writing to my attention via email the Public Portal **by July 5, 2024**. If I do not hear further from you, I will proceed with recommending dismissal. Additional information provided by you will be reviewed. However, if the additional information does not support your allegations, we will proceed with dismissal.

We will be sending an email notification that a new document has been uploaded for your review and download. You will receive a dismissal and Notice of Right to Sue via the Public Portal which will describe your legal right to pursue the matter in court by filing a lawsuit within 90 days of receipt of the Notice of Right to Sue. This 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the Commission. If a private lawsuit is not filed within 90 days of receipt of the dismissal notice the right to sue for the charge will be lost. You can make a FOIA request for a copy of your file using the following Public Portal link at https://eeoc.arkcase.com/foia/portal/login or a Section 83 Request by sending our office a written request that includes your charge number and contact information. If you have any questions, please feel free to contact me at joseph.riello@eeoc.gov .

Sincerely,

*Joseph Riello*

Joseph Riello
Federal Investigator