**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

| | | |
|---|---|---|
| NICOLETTE D. PAGE,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CASE NO. 1:24-cv-01249-DAE |
| UNIVERSITY OF TEXAS AT AUSTIN,<br>    Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S MOTION FOR ATTORNEY FEES**

TO THE HONORABLE SENIOR UNITED STATES DISTRICT JUDGE:

Plaintiff files this motion under FED. R. CIV. P. 54(d)(2) and Local Rule CV-54, asking the

Court to award attorney fees, following this Court's Judgment issued on April 7, 2026 (Doc. 40).

Plaintiff requests $92,050.00 in attorney fees.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit in September 2024, alleging that Defendant, her employer, had

discriminated and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964,

the Rehabilitation Act of 1973, the Family and Medical Leave Act, and Chapter 21 of the Texas

Labor Code. In March 2025, Defendant filed a motion to dismiss under FED. R. CIV. P. 12(c) (Doc.

15), which the Court denied without prejudice, in light of Plaintiff's Amended Complaint, on April

7, 2025. On April 21, 2025, Defendant filed a motion to dismiss under FED. R. CIV. P. 12(b)(6)

(Doc. 21), which remained pending until recently.

Plaintiff sent initial written discovery requests on February 4, 2025, which included 19

interrogatories, 48 requests for production, and 3 requests for admission. *Exhibit 1*, *Declaration of

Matt Bachop*, ¶8. Plaintiff sent additional requests for production on February 15, 2025, and

February 17, 2025, resulting in 69 total requests for production. *Id.* In response, Defendant produced over 7,600 pages of documents. *Id.*

Defendant sent 3 sets of interrogatories (a total of 15 interrogatories) and 2 sets of requests for production (a total of 57 requests for production) in June and August 2025. *Exhibit 1*, ¶9. In response, Plaintiff produced over 3,600 pages of documents and over 10 hours of audio recordings. *Id.*

In September 2025, Plaintiff took the deposition of Defendant on 34 topics, in response to which Defendant designated 3 organizational representatives. *Exhibit 1*, ¶10. Defendant took depositions of Plaintiff and Plaintiff's clinical therapist, who was designated as an expert witness, in August 2025. *Id.*

On September 23, 2025, the case was referred to U.S. Magistrate Judge Howell for mediation. *Exhibit 1*, ¶11. On January 15, 2026, the parties unsuccessfully mediated with Judge Howell. *Id.*

On March 11, 2026, Defendant made an offer of judgment (Doc. 38), which Plaintiff accepted on March 16 (Doc. 38-1). After the parties resolved the case through the offer-of-judgment process, but before Plaintiff filed the offer and notice of acceptance, plus proof of service, the Court granted Defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6) (Doc. 37).

## II.    ATTORNEY FEES UNDER THE STATUTES INVOLVED IN THIS CASE

Title VII provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k). "[U]nder § 706(k) of Title VII a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in

[2]

all but special circumstances." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978) (emphasis in original).

The Rehabilitation Act similarly provides, "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). Under the Rehabilitation Act, there is "a presumption of entitlement to an award of attorney's fees." 29 C.F.R. § 1614.501(e)(1)(i).

Under the FMLA, fee awards are mandatory: "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3).

Section 21.259(a) of the Texas Labor Code provides that "[i]n a proceeding under this chapter, a court may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs."

Under all four statutes, a plaintiff must qualify as a "prevailing party" to recover attorney fees. The Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources* held that a "prevailing party" is one who has obtained "some relief" through judicial action, including both "judgments on the merits" and "settlement agreements enforced through a consent decree." 532 U.S. 598, 603–04 (2001). The analysis is the same under state law. *Peterson v. Bell Helicopter Textron, Inc.*, 806 F.3d 335, 342 (5th Cir. 2015) (noting that "the Texas Supreme Court has interpreted" Chapter 21's attorney-fee "provision to require that a party recover some actual relief, whether damages or other relief, and not merely 'prevail' on one jury question").

[3]

### III.    LODESTAR CALCULATION

Under all four statutes, fee awards are calculated using the lodestar method. This framework was established by the Supreme Court in *Hensley v. Eckerhart*, which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983). The resulting figure provides an objective initial estimate that the court may then adjust based on additional factors. *Id.*

Through Plaintiff's acceptance of Defendant's offer of judgment, Plaintiff's attorney spent 184.1 hours litigating the case. *Exhibit 1*, ¶20; *Exhibit 1-A*, *Time Records*. Plaintiff has calculated the requested lodestar to be $92,050.00, which includes these hours at a rate of $500 per hour. *Exhibit 1*, ¶¶14, 21.

### A.    Plaintiff has requested a reasonable hourly rate.

In the Fifth Circuit, "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The requested rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n. 11.

#### 1.    *Plaintiff's attorney's declaration supports the requested rate.*

The declaration of Matt Bachop establishes his skill, experience, and reputation in employment litigation. Mr. Bachop has been licensed to practice law in Texas since 2006. *Exhibit 1*, ¶3. He has practiced employment law since 2011. *Exhibit 1*, ¶4. He has presented papers and lectures on employment law at several conferences. *Exhibit 1*, ¶5.

[4]

The declaration also establishes that Mr. Bachop is familiar with the customary hourly rates of attorneys in employment litigation in the Western District and throughout Texas. *Exhibit 1*, ¶13. Plaintiff's attorney testifies that the requested rate of $500 per hour is reasonable compared to attorneys of comparable skill, experience, and reputation in employment litigation in the Western District of Texas. *Exhibit 1*, ¶¶13–16.

### 2. *The requested rate is aligned with other recent fee awards in the Western District of Texas and throughout Texas.*

Courts in the Western District and across Texas have awarded comparable rates to attorneys in employment law cases. Mr. Bachop's declaration highlights the Texas Employment Lawyer Association's Attorney's Fee Yearbook[1] to demonstrate that the requested rates are aligned with other fee awards in the Western District of Texas and throughout the state. *Exhibit 1*, ¶15. The study showed similar rates awarded to attorneys with similar experience in the Western District. *Id.* For instance, for 26 employment lawyers who graduated from law school between 2000 and 2009, the awards had an average inflation-adjusted rate of $487.88 (showing awards from $724.41 per hour to $383.89 per hour). *Id.* (Yearbook, 161–176). The average for lawyers with similar experience was $688.24 in the Northern District, *id.* (Yearbook, 40–58), $590.30 in the Eastern District, *id.* (Yearbook, 109–118), and $724.15 in the Southern District, *id.* (Yearbook, 229–249).

### B. The hours expended by Plaintiff's attorney were reasonable.

Plaintiff's attorney maintained detailed contemporaneous records of his time spent on each task that was necessary to the litigation of this case. Those records are included as Exhibit 1-A. The work included preparing and filing the lawsuit, drafting an amended complaint, preparing and

---

[1] Available at https://www.mytela.org/feeyearbook (last reviewed April 13, 2026).

responding to written discovery, reviewing and analyzing voluminous documentary and electronic evidence, preparing for and participating in depositions, creating a damages model, preparing for and participating in mediation, and conducting legal research for and drafting the responses to Defendant's Motion for Judgment on the Pleadings and Motion to Dismiss. *Exhibit 1-A*. Plaintiff's counsel has exercised reasonable billing judgment by eliminating time for duplicative tasks, reducing time for work that may have been unproductive or inefficient, and not charging for work that would not normally be billed. *Exhibit 1*, ¶18.

## IV.    *JOHNSON* FACTORS

After calculating the lodestar, the Court may enhance or decrease the amount of attorney fees based on the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[2] *Hensley v. Eckerhart*, 461 U.S. 424, 433–36 (1983).

**A.    Plaintiff does not seek an enhancement, and a reduction is not warranted.**

Plaintiff does not request a fee enhancement, nor is any reduction warranted by any of the *Johnson* factors. The Supreme Court has established "a strong presumption that the lodestar is sufficient," requiring no adjustment based on the *Johnson* factors. *Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *accord City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 830 (5th Cir. 2003).

---

[2] The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

**B.     Proportionality to the amount involved.**

Plaintiff requests attorney fees almost four times higher than the $25,000 in damages

awarded in the judgment. The Fifth Circuit analyzes this situation as follows:

> In *City of Riverside*, a Supreme Court plurality rejected the argument that
> fee awards "should necessarily be proportionate to the amount of damages a civil
> rights plaintiff actually recovers." 477 U.S. at 574, 106 S.Ct. 2686. There, the
> district court awarded $245,456.25 in attorney's fees, even though the prevailing
> plaintiffs had received only $33,350 in damages. *Id.* at 564–66, 106 S.Ct. 2686. The
> Court determined that the district court did not abuse its discretion in making this
> fee award. *Id.* at 572–73, 106 S.Ct. 2686. The plurality explained that a
> proportionality rule "would make it difficult, if not impossible, for individuals with
> meritorious civil rights claims but relatively small potential damages to obtain
> redress from the courts" and thus undermine Congress's purpose in enacting civil
> rights statutes such as § 1988. *Id.* at 576–78, 106 S.Ct. 2686.
>
> After *City of Riverside*, we have consistently emphasized that "there is no
> *per se* requirement of proportionality in an award of attorney fees."

*Combs v. City of Huntington, Tex.*, 829 F.3d 388, 396 (5th Cir. 2016).[3]

Other circuits agree: The Second Circuit has noted that the "whole purpose of fee-shifting

statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." *Millea*

*v. Metro-North Railroad Co.*, 658 F.3d 154, 169 (2d Cir. 2011). The Seventh Circuit reasoned that

"[f]ee-shifting would not 'discourage petty tyranny' if attorney's fees were capped or measured

by the amount in controversy." *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545–

46 (7th Cir. 2009) (quoting *Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir. 1992)). "Fee-shifting

provisions signal Congress' intent that violations of particular laws be punished, and not just large

violations that would already be checked through the incentives of the American Rule." *Id.*

---

[3] In *Combs*, the district court reduced the $94,612.80 lodestar to $25,000 to be proportionate to the plaintiff's $5,000 damage award; the Fifth Circuit vacated that decision as an abuse of discretion. 829 F.3d at 397–98.

**C.       Degree of success.**

The most important *Johnson* factor is degree of success. *Hensley*, 461 U.S. at 436. In that regard, it is important to note that Plaintiff obtained $25,000 in damages on claims that Defendant argued—and the Court agreed—should be dismissed based on the pleadings. This should be viewed favorably, despite the small damages number, in terms of degree of success. *See Dooling v. Bank of the West*, No. 4:11-CV-00576, 2013 WL 12403487, at *3 (E.D. Tex. Mar. 8, 2013) (upholding a fee award "approximately ten times the amount of the offer of judgment" because "counsel was able to obtain a judgment that was more than five times the amount Defendants claim was in controversy"); *Otwell v. Aaron Rents, Inc.*, No. CV 06-1627, 2008 WL 11509238, at *4 (W.D. La. Jan. 10, 2008), *report and recommendation adopted*, No. CV 06-1627, 2008 WL 11509250 (W.D. La. Mar. 28, 2008) (refusing to reduce the lodestar based on "degree of success" on an accepted $30,000 offer of judgment in an employment discrimination case because "the plaintiff secured an offer of judgment worth nearly three times as much as the jury verdict award" that was overturned when a new trial was granted).

## V.       COMPLIANCE WITH LOCAL RULE CV-54

Counsel for the parties met and conferred, as required by Local Rule CV-54(b)(2), for the purpose of resolving all disputed issues relating to attorney fees prior to the making of this application. The parties failed to reach any agreement. Defendant expressed disagreement with the total amount of fees requested, but did not make any specific objections to the hours expended, the requested hourly rate, or any adjustment issue under the *Johnson* factors.

[8]

## VI.   CONCLUSION

For the reasons argued above, Plaintiff respectfully requests that the Court award attorney

fees in the requested lodestar amount of $92,050.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC
        */s/ Matt Bachop*
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
2901 Bee Caves Rd., Ste. L
Austin, Texas 78746
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record by the Court's CM/ECF system on this 16th day of April, 2026.

*/s/ Matt Bachop*
Matt Bachop

[9]