**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION**

PLAINTIFF'S
EXHIBIT

1

| | | |
|---|---|---|
| NICOLETTE D. PAGE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:24-cv-01249-DAE |
| | § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
|     Defendant. | § | |

**DECLARATION OF MATT BACHOP**

1. I, Matt Bachop, am over 21 years of age and am competent to make this declaration. I hereby declare, under penalty of perjury, that the following facts are of my own personal knowledge and are true and correct.

2. I am a partner with the law firm Deats, Durst & Owen, PLLC, which represents the Plaintiff in this litigation. Deats, Durst & Owen specializes in labor and employment law in Central Texas and throughout the state.

3. I graduated from the University of Texas School of Law in 2006 with high honors and have been licensed to practice law in Texas since 2006. I am also licensed to practice and have appeared in the U.S. District Courts for the Southern, Western, and Eastern Districts of Texas, the U.S. Court of Appeals for the Fifth Circuit, and the U.S. Supreme Court.

4. Since 2011, the primary focus of my practice has been in labor and employment law, representing labor unions and individual employees. I have represented employees in employment discrimination and retaliation matters throughout the State of Texas, in state and federal district and appellate courts.

5. I have presented papers and lectures on employment law at the State Bar of Texas Advanced Employment Law Conference and Advanced Civil Trial Conference, along with the International Association of Fire Fighters Lawyers' Conference, and I am scheduled to present at the UT Law CLE Labor and Employment Law Conference in June 2026.

6. I have represented the Plaintiff throughout the entirety of this dispute, which is an employment discrimination and retaliation matter. The lawsuit was filed in September 2024, alleging that Defendant had discriminated and retaliated against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Family and Medical Leave Act, and Chapter 21 of the Texas Labor Code.

7. In March 2025, Defendant filed a motion to dismiss under FED. R. CIV. P. 12(c), which the Court denied without prejudice, in light of Plaintiff's Amended Complaint, on April 7, 2025. On April 21, 2025, Defendant filed a motion to dismiss under FED. R. CIV. P. 12(b)(6), which remained pending until recently.

8.  Plaintiff sent initial written discovery requests on February 4, 2025, which included 19 interrogatories, 48 requests for production, and 3 requests for admission. Plaintiff sent additional requests for production on February 15, 2025, and February 17, 2025, resulting in 69 total requests for production. In response, Defendant produced over 7,600 pages of documents.

9.  Defendant sent 3 sets of interrogatories (a total of 15 interrogatories) and 2 sets of requests for production (a total of 57 requests for production) in June and August 2025. In response, Plaintiff produced over 3,600 pages of documents and over 10 hours of audio recordings.

10. In September 2025, Plaintiff took the deposition of Defendant on 34 topics, in response to which Defendant designated 3 organizational representatives. Defendant took depositions of Plaintiff and Plaintiff's clinical therapist, who was designated as an expert witness, in August 2025.

11. On September 23, 2025, the case was referred to U.S. Magistrate Judge Howell for mediation. On January 15, 2026, the parties unsuccessfully mediated with Judge Howell.

12. On March 11, 2026, Defendant made an offer of judgment, which Plaintiff accepted on March 16. After the parties resolved the case through the offer-of-judgment process, but before Plaintiff filed the offer and notice of acceptance, plus proof of service, the Court granted Defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6).

13. Because of my practice in the federal and state Courts of Texas, including in Austin, I am familiar with the customary hourly rates of attorneys in employment litigation throughout Texas, including in the Western District of Texas. Based on my knowledge and experience in this area of practice, it is my opinion that a rate of $500 per hour for my services is reasonable compared to attorneys of comparable skill, expertise, and experience in employment litigation in the Western District of Texas market.

14. I know that lawyers of comparable skill, expertise, and experience in employment litigation charge their clients rates substantially higher than this amount.

15. I have also reviewed the Attorney's Fees Hourly Rate Yearbook published by the Texas Employment Lawyers Association.[1] The Yearbook collects court rulings, jury verdicts, arbitrations, and actual rates billed by employment law attorneys throughout the state of Texas. The rate requested is within the range of rates granted by courts and charged to clients by lawyers of comparable skill, expertise, and experience in employment litigation. The study showed similar rates awarded to attorneys with similar experience in the Western District. For instance, for 26 employment lawyers who graduated from law school between 2000 and 2009, the awards had an average inflation-adjusted rate of $487.88 (showing awards from $724.41 per hour to $383.89 per hour) (Yearbook, 161–176). The average for lawyers with similar experience was $688.24 in the Northern District (Yearbook, 40–58), $590.30 in the Eastern District (Yearbook, 109–118), and $724.15 in the Southern District (Yearbook, 229–249).

---

[1] Available at https://www.mytela.org/feeyearbook (last reviewed April 13, 2026).

16.    After reviewing the fee awards, the Yearbook, and based on my knowledge of the hourly rates charged by employment law attorneys, the requested rate is reasonable and well within the range of what attorneys with comparable skill and experience charge.

17.    I have maintained detailed, contemporaneous records of the time I spent on each task that was necessary to litigate this matter. Those records are included as Exhibit 1-A. All hours included were actually expended on the topics stated. These hours and services include only those items that were reasonable and necessary in my representation of Plaintiff.

18.    I have exercised reasonable billing judgment by eliminating time for duplicative tasks, reducing time for work that may have been unproductive or inefficient, and not charging for work that would not normally be billed. I believe all the work I performed materially advanced Plaintiff's case. I have attempted to be as efficient as possible in handling this matter.

19.    Additionally, the request does not include a number of nontaxable expenses that the firm incurred—which are recoverable as attorney's fees—such as copies, postage, and travel.

20.    Through Plaintiff's acceptance of Defendant's offer of judgment, I have recorded a total of 184.1 hours litigating this matter. Plaintiff thus seeks a total lodestar of $92,050.00. The hours expended and the rate requested are reasonable.

21.    I, Matt Bachop, do hereby declare, under penalty of perjury, that the foregoing facts are within my personal knowledge and are true and correct.

                    */s/ Matt Bachop*
                    MATT BACHOP