**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| NICOLETTE D. PAGE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | A-24-CV-1249-DAE |
| UNIVERSITY OF TEXAS AT AUSTIN, | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff's Motion for Attorney Fees (Dkt. 42), Defendant's Response (Dkt. 44), and Plaintiff's Reply (Dkt. 45).[1] A hearing was held in relation to the motion on June 9, 2026. After reviewing the motion and related briefing, against the backdrop of the entire docket, the court submits the following Report and Recommendation to the District Judge.

**I.   BACKGROUND**

Plaintiff filed this lawsuit in state court in September 2024, complaining that Defendant, her employer, violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation Act of 1973 ("Rehabilitation Act"), the Family and Medical Leave Act ("FMLA"), and Chapter 21 of the Texas Labor Code. Dkt. 1-3 at 3 (Orig. Pet.). Defendant removed this case to federal court in October 2024, Dkt. 1, and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on March 14, 2025. Dkt. 15. Plaintiff amended her complaint on April 7, 2025, Dkt. 20 (FAC), causing the District Judge to deny Defendant's motion for judgment on the pleadings without prejudice, and Defendant to move to dismiss Plaintiff's FAC under Rule

---

[1] This motion was referred by United States District Judge David A. Ezra to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated April 17, 2026.

12(b)(6) on April 21, 2025. Dkt. 21 ("MTD"). While awaiting a ruling on the pending Motion to Dismiss, the parties completed discovery.

On March 11, 2026, Defendant made an offer of judgment, Dkt. 38, which Plaintiff accepted on March 16, 2026, Dkt. 38-1; however, this development was not immediately reflected on the docket. On March 24, 2026, after the parties resolved the case through the offer-of-judgment process but before the Notice of Acceptance (Dkt. 38-1) was filed, the District Judge granted Defendant's Motion to Dismiss (Dkt. 21) and allowed Plaintiff an opportunity to replead. Dkt. 37. Following Plaintiff's Notice of Acceptance, the District Judge approved the parties' consent judgment, awarded $25,000 to Plaintiff, and ordered that Plaintiff would recover her costs, including reasonable attorneys' fees, from Defendant. Dkt. 40. Plaintiff submitted a Bill of Costs (Dkt. 41), seeking $1,817.01, and an Opposed Motion for Attorney Fees (Dkt. 42), the instant motion, seeking $92,050.

Defendant does not dispute that Plaintiff is allowed her reasonable costs and fees; however, Defendant argues that $92,050 is not a reasonable fee for two reasons. Dkt. 44. First, Plaintiff's proposed fee is excessive because the hourly rate and hours expended are unreasonably high. *Id.* Second, the lodestar should be reduced to reflect the relatively meager results her attorney obtained. *Id.* Plaintiff argues that the hourly rate and hours expended were reasonable and that the lodestar should not be reduced based on the degree of success. Dkt. 45.

## II.    APPLICABLE LAW

To secure an award of attorneys' fees from an opponent, the prevailing party must prove that: (1) recovery of attorneys' fees is legally authorized, and (2) the requested attorneys' fees are reasonable and necessary for the legal representation, so that such an award will compensate the

prevailing party generally for its losses resulting from the litigation process. FED. R. CIV. P. 37(e), 37(a)(5); LOC. R. CV-54(b)(2).

A determination of reasonable and necessary attorneys' fees is premised on the application of the lodestar method. Courts in the Fifth Circuit apply the lodestar method to calculate attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Id.* (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The appropriate hourly rate is usually defined by the market rate in the community in which the district court sits and should reflect the prevailing market rates, not the rates that "lions at the bar may command." *Black*, 732 F.3d at 502 (citing *Smith & Fuller*, 685 F.3d at 490). Litigants seeking attorneys' fees have the burden to show the reasonableness of the hours billed and that the attorneys exercised reasonable billing judgment. *Black*, 732 F.3d at 502 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The lodestar amount is entitled to a strong presumption of reasonableness. *Black*, 732 F.3d at 502 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). There is a "strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors[2] set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d

---

[2] These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Black*, 732 F.3d at 502 n.7 (citing *Johnson*, 488 F.2d at 717-19).

714 (5th Cir. 1974). *Black*, 732 F.3d at 502. Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted. *See id.*; *Jason D.W. v. Houston Indep. School Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The burden is on the party moving for attorneys' fees to establish that their requested fees are reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam).

## III.    ANALYSIS

### A.    Whether to Award Attorneys' Fees

Plaintiff seeks the recovery of attorney's fees and costs pursuant to any one of four statutes:

(a) Title VII provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k).

(b) The Rehabilitation Act similarly provides, "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b).

(c) Under the FMLA, fee awards are mandatory: "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3).

(d) Section 21.259(a) of the Texas Labor Code provides that "[i]n a proceeding under this chapter, a court may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs."

Under all four statutes, a plaintiff must qualify as a "prevailing party" to recover attorney fees. See Dkt. 42 at 2-3. Defendant does not contest that Plaintiff is a prevailing party and entitled to the recovery of fees and costs. Dkt. 44 at 3.

The court turns to a determination of the appropriate lodestar.

### B.    Hourly Rate

Plaintiff proposes an hourly rate of $500.00 for the services of Matthew B. Bachop of Deats, Durst & Owen, PLLC. Attorney Bachop submitted a declaration in support (Dkt. 42-1) and related time entries (Dkt. 42-2). Defendant objects to the $500 hourly rate and suggests that an hourly rate of $405 is more appropriate. Dkt. 44 at 5-7. Attorney Bachop's support of his suggested $500 rate is limited, but nonetheless sufficient. A $500 hourly rate is not inconsistent with the rates charged in similar types of cases. Nor is the $500 hourly rate unreasonable in light of this court's past experience for attorneys practicing in Central Texas. For these reasons and those articulated at the hearing, the court adopts the $500 hourly rate proposed by Plaintiff.

### C.    Hours Billed

The party requesting attorneys' fees must also show that "billing judgment" was exercised, and that unproductive, excessive, or redundant hours were omitted from its requested amount. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The court should eliminate all hours that are excessive or duplicative. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court may also reduce hours that are too vague to permit meaningful review. *Kellstrom*, 50 F.3d at 326. The hours that are not eliminated should be those "reasonably expended on the litigation." *Watkins*, 7 F.3d at 457. If the party seeking fees does not show billing judgment, the court may reduce the award by a percentage to substitute for the exercise of billing judgment. *Walker*, 99 F.3d at 770. Plaintiff seeks recovery of fees related to 184.1 hours of work expended by Attorney Bachop.

Defendant acknowledged at the hearing that it had not, and did not, intend to micro-criticize the individual time entries submitted by Attorney Bachop. Instead, Defendant argues that the amount of time expended and the resulting $92,500 fee submission are both unreasonably high in

relation to Plaintiff's recovery of only $25,000 in damages. While Defendant may have a point, Defendant has nonetheless failed to take issue with any of the time entries submitted by Attorney Bachop. Again, as Defendant acknowledged at the hearing, Defendant's criticism of the Plaintiff's fee submission is best addressed by the application of the *Johnson* factors.

### D.      The Loadstar

Given the foregoing, the appropriate lodestar is a function of the $500 hourly rate multiplied by 184.1 hours worked for a total of $92,500.

### E.      *Johnson* Factors

Defendant argues that application of the *Johnson* factors should result in a significant decrease in the amount of attorney's fees to be awarded. Specifically, Defendant argues that a downward adjustment to the final fee award is necessary based on an objective application of the eighth *Johnson* factor: the amount involved and the results obtained. Dkt. 44 at 8-12. Defendant notes that the results obtained were substantially less than what Plaintiff now seeks in attorney's fees.

As Plaintiff notes, "[t]he Fifth Circuit has held that "[w]hile a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Black*, 732 F.3d at 503 (quoting *Saizan*, 448 F.3d at 799). As such, "while the district court must take the degree of success obtained into account, it would be an abuse of discretion for the district court to reduce [a plaintiff]'s attorney's fee award solely on the basis of the amount of damages obtained." *Id.*

This court's analysis is instead shaped by the quality and import of the Plaintiff's underlying lawsuit. Frankly speaking, Plaintiff's case was weak. This weakness is evidenced by the paltry damages obtained and is consistent with an amount that borders on a nuisance-value

settlement. That is not to criticize either Plaintiff or Attorney Bachop. For all potential plaintiff attorneys working on a contingency basis, it is undoubtedly difficult to properly evaluate and predict an eventual outcome. Sometimes a plaintiff lawyer who takes a case on contingency is well-rewarded for that decision. Other times, a plaintiff lawyer may inaccurately predict the actual litigative quality of the underlying case. That is what happened here.

The court challenged Plaintiff's counsel at the hearing to articulate why this civil rights case warranted the recovery of fees substantially in excess of the judgment award. Otherwise stated, Plaintiff's counsel was asked to describe what made this case special or important. He failed to do so. Plaintiff was never fired. Instead, she transferred to another department *of the very same employer she contends discriminated against her*. As best this court can glean, Plaintiff's lawsuit did not result in a University employee suffering any discipline; there was no change in University policies; and there was no evidence that the job Plaintiff transferred to was worse than the job she was leaving. This conclusion is buttressed by the District Court's order granting Defendant's motion to dismiss Plaintiff's First Amended Complaint. Dkt. 37. Again, this was a weak case that did not warrant the generation of $92,500 in fees.

For these reasons and others articulated at the hearing, a reduction to the lodestar is warranted given an objective application of the eighth *Johnson* factor: the amount involved and the results obtained. The court finds that a total attorney's fee reimbursement of $25,000 is appropriate given the results obtained, the nuisance-value nature of the agreed upon damages and the complete lack of any special or significant reason for the lawsuit to have been brought in the first place. For its own reasons, the Defendant decided to settle. That decision made Plaintiff a prevailing party and therefore entitled to the recovery of a reasonable attorney's fee. In this court's opinion, an attorney's fee award greater than $25,000 is unreasonable.

### F.      Final Attorney's Fee Award

The court previously determined that the lodestar in this case was $92,500.00. The court also determined that the application of the eighth *Johnson* factor necessitated a reduction of $67,500. Accordingly, the court finds that Plaintiff is entitled to a final attorney's fee award of **$25,000.00**.

## IV.   COSTS

Plaintiff seeks litigation costs in the amount of $1,817.01. Dkt. 41. Defendant did not object to Plaintiff's costs. At the hearing, Defendant affirmed that there was no objection to Plaintiff's costs.

## V.    RECOMMENDATIONS

For these reasons, the undersigned **RECOMMENDS** that Plaintiff Nicolette D. Page's Motion for Attorney Fees (Dkt. 42) be **GRANTED, in part, and DENIED, in part**. As described above, the undersigned recommends that the motion be granted, but that the attorneys' fee claim be reduced for the reasons described above.

The undersigned **RECOMMENDS** that the court enter judgment for Plaintiff Nicolette D. Page to recover attorney's fees from the University of Texas in the amount of $25,000.00**.**

The court further **RECOMMENDS** that Plaintiff Nicolette D. Page be awarded a recovery of costs by the University of Texas in the amount of $1, 817.01**.**

## VI.   OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED June 10, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

9